**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3680
_____

SAUNDRA S. RUSSELL;
KEITH SADOWSKI,
Appellants

v.

CITY OF PHILADELPHIA; DEPUTY COMMISSIONER KEVIN BETHEL,
PHILADELPHIA POLICE DEPARTMENT, IN HIS INDIVIDUAL AND OFFICIAL
CAPACITY; DEPUTY COMMISSIONER WILLIAM BLACKBURN,
PHILADELPHIA POLICE DEPARTMENT, IN HIS INDIVIDUAL AND OFFICIAL
CAPACITY; CAPTAIN WILLIAM BROADBENT, RETIRED, PHILADELPHIA
POLICE DEPARTMENT, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY;
INSPECTOR JAMES KELLY, PHILADELPHIA POLICE DEPARTMENT, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITY; CAPTAIN MELVIN SINGLETON,
PHILADELPHIA POLICE DEPARTMENT, IN HIS INDIVIDUAL AND OFFICIAL
CAPACITY; LIEUTENANT THOMAS HYERS, RETIRED,  PHILADELPHIA
POLICE DEPARTMENT, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY;
LIEUTENANT JACK FEINMAN, RETIRED, PHILADELPHIA POLICE
DEPARTMENT, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; LIEUTENANT
EDWARD SPANGLER, RETIRED, PHILADELPHIA POLICE DEPARTMENT, IN
HIS INDIVIDUAL AND OFFICIAL CAPACITY; LIEUTENANT LAVERNE VANN,
PHILADELPHIA POLICE DEPARTMENT, IN HER  INDIVIDUAL AND OFFICIAL
CAPACITY; INSPECTOR AARON HORNE, PHILADELPHIA POLICE
DEPARTMENT, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; CARROLL
MADDEN, OCCUPATIONAL SAFETY ADMINISTRATOR, PHILADELPHIA
POLICE DEPARTMENT IN HER INDIVIDUAL AND OFFICIAL CAPACITY;
COMMISSIONER CHARLES RAMSEY,PHILADELPHIA POLICE DEPARTMENT,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-13-cv-03151)
District Judge: Honorable Nitza I. Quiñones Alejandro
_____

Argued: July 11, 2017

_____

Before: McKEE, AMBRO, and ROTH, *Circuit Judges*

(Filed: October 12, 2017)

Matthew B. Weisberg, Esq.          **[ARGUED]**
Weisberg Law
7 South Morton Avenue
Morton, PA 19070

    *Counsel for Appellants*

Elise Bruhl, Esq.                  **[ARGUED]**
City of Philadelphia Law Department
1515 Arch Street
17th Floor
Philadelphia, PA 19102

    *Counsel for Appellees*

_____

OPINION[*]
_____

MCKEE, *Circuit Judge*.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

Plaintiffs Saundra Russell and Keith Sadowski are both Philadelphia police officers who brought several discrimination and retaliation claims against the City of Philadelphia and related entities and individuals.[1] The District Court dismissed the suit and granted summary judgment in favor of the Defendants based solely on technical deficiencies in Plaintiffs' response to Defendants' motion for summary judgment on Plaintiffs' claims.[2]

Specifically, the District Court found that Plaintiffs did not comply with the very basic requirement in Federal Rule of Civil Procedure 56. That Rule requires that litigants who file a response to a motion for summary judgment "cit[e] to particular parts of the materials in the record" to support their assertions that certain facts were genuinely disputed.[3]

Since it is the attorney's job (not the court's) to closely examine the record to determine if sufficient issues of fact exist to warrant a trial, we will affirm the dismissal for the reasons set forth by the District Court.[4] We note moreover that, to the extent that

---

[1] Though Sadowski remains employed by the Philadelphia Police Department, Russell was terminated from employment in July 2009.

[2] *See Russell, et al. v. City of Phila., et al.*, No. 13-3151, 2016 WL 4478764 (E.D. Pa. Aug. 25, 2016)

[3] Fed. R. Civ. P. 56.

[4] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

Plaintiffs' attorney cited to the record before the District Court and before this Court, none of these citations support the claims of either Plaintiff.

We recognize that our Order affirming this dismissal based solely on Plaintiff's attorney's failure to comply with a rudimentary procedural rule extinguishes any meritorious claims Plaintiffs may have had. Plaintiffs' loss therefore results solely from their attorney's ineffective representation rather than any defect that may (or may not) have existed in Plaintiffs' claims.

Nevertheless, our review is limited to the propriety of the District Court's order dismissing the complaint and granting judgment to Defendants as a matter of law. Since we conclude that the dismissal was appropriate, Plaintiffs' only possible recovery must come from their attorney's malpractice insurer, not from any of the Defendants. In order to ensure that Plaintiffs are aware of this potential recourse, we will instruct Plaintiffs' attorney to share this opinion with his clients and to ask them to send a letter to the Clerk of this Court confirming that they have read this opinion, and that they fully understand their potential recourse.

For the reasons set forth above, we will affirm the District Court's grant of summary judgment to Defendants.